UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE MOORE,

    Petitioner,

v.

HEIDI E. WASHINGTON,

    Respondent.
_____/

Case No. 2:22-cv-10248
Hon. George Caram Steeh

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

David Lee Moore filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. On August 12, 2020, while serving a term of parole for several Washtenaw County offenses, Moore was found in possession of a stolen firearm. This resulted in two proceedings. In federal court, Moore was charged and later pled guilty to being a felon in possession of a firearm under 18 USC § 922(g)(1). *See United States v. Moore,* E.D. Mich. No. 20-20360. In the MDOC, Moore was charged with violating the terms of his parole, and the length of his parole term was extended. (Parole Violation Worksheet and Decision, ECF No. 9-3, PageID.67.)

Moore is presently incarcerated at FCI Beckley, where he is serving a 54-month term for his federal conviction. Moore does not challenge his federal conviction in this action. Rather, Moore is challenging the MDOC's failure to extradite him to Michigan and hold a parole revocation hearing. He claims that the parole violation charge affects his ability to receive good conduct time and his facility placement, and the denial of a hearing prevented him from presenting mitigating evidence.

The Court will deny the petition because Moore's claims are without merit. The Court will also deny a certificate of appealability and permission to appeal in forma pauperis.

I.

In 2015, Moore pled guilty in the Washtenaw Circuit Court to several offenses involving breaking and entering and firearms. He was sentenced to 1-10 years' imprisonment. In 2017, he was convicted of an additional firearm offense in Washtenaw County. On September 11, 2018, Moore was granted release on parole.

On August 12, 2020, police were dispatched to a residence in Whitmore Lake, Michigan. There, officers were informed by a woman that Moore forcibly took her handgun after she showed it to him. Officers responded to Moore's parole address, where they spotted him standing on

a street corner. Moore fled towards his apartment building, and before entering he was seen ditching something underneath a parked truck. Moore was arrested in his apartment, two handguns were found under the truck, and Moore later admitted that he was the one who had thrown them there. An ATF agent took Moore in custody, and he was subsequently charged with felon in possession of a firearm.

On December 17, 2020, Moore pled guilty to the federal charge, and he was sentenced to 54-months' imprisonment. He is currently housed in FCI Beckley in West Virginia, and his sentence expires on June 13, 2024. Meanwhile, the MDCO filed a detainer with the BOP for Moore to be returned to Michigan upon the expiration of his federal sentence.

## II.

Moore claims he was denied his due process right to a parole revocation hearing and that he is entitled to extradition to Michigan for a hearing in the MDOC. In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process - the preliminary hearing and the revocation hearing. *Id*. at 485.

The Court stated that a preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id*. at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. *Id*. at 487-88. Due process requires that the final revocation hearing be held, and a final determination be issued within a "reasonable time." *Id*. at 488.

Petitioner's claim that his due process rights were violated by the lodging a parole violation detainer without a hearing is without merit because the nature of the parole violation here—conviction of another criminal offense—did not require a hearing under *Morrissey.* The Sixth Circuit addressed a nearly factually identical claim in *Phipps v. Runda*, No. 92-5123, 1992 U.S. App. LEXIS 14330, 1992 WL 133030 (6th Cir. June 12, 1992). Phipps was paroled after serving sentences imposed by the Kentucky state courts. While he was on parole, Phipps pleaded guilty in federal court to two counts of bank robbery. *Id*. Following his federal conviction, the Kentucky Board of Parole issued a parole violation warrant against Phipps, which was lodged as a detainer at the federal prison where Phipps was incarcerated for his federal conviction. *Id*. Phipps brought a § 2241 petition for habeas corpus claiming that the Kentucky Board of Parole

violated his due process rights by failing to conduct a prompt parole revocation hearing. *Id*. The Sixth Circuit held that Phipps was not denied a fundamental right and affirmed the district court's dismissal of his due process claim. *Id*.

The same result obtains here. Like Phipps, Moore pled guilty to a federal felony offense while he was on parole for his Michigan conviction. Because Moore's subsequent conviction by guilty plea provides irrefutable evidence of a parole violation, *Morrissey's* protections do not apply. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (because parole decision maker had no discretion but to revoke parole on the basis of a subsequent conviction, *Morrissey* did not apply); *Santiago-Fraticelli v. Thoms*, No. 99-6178, 2000 U.S. App. LEXIS 15737, 2000 WL 924602, at *1 (6th Cir. June 26, 2000).

As in *Phipps*, under Michigan law, a parolee is not entitled to a revocation hearing where the revocation is based upon a conviction for a new felony offense. *See People v. Bess*, 11 Mich. App. 109, 111, 157 N.W.2d 455, 456 (1968); MICH. COMP. LAWS § 791.240a(3) ("Within 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation *other than conviction for a felony or misdemeanor punishable by imprisonment under*

*the laws of this state, the United States, or any other state or territory of the United States*, the prisoner is entitled to a fact-finding hearing on the charges….") (emphasis added).

By administrative rule, the Michigan Parole Board has determined that any parolee convicted of a felony offense shall automatically be deemed to have violated his parole and be subject to reincarceration:

> K. A parolee who is charged with violating a condition of parole is entitled to a preliminary parole revocation hearing conducted pursuant to Administrative Rule 791.7740 through 791.7750 to determine if there is probable cause to believe that s/he violated parole except under the following circumstances:
>
> > 1. The parolee has been bound over to the Circuit Court on a criminal charge for which s/he also is charged with parole violation. In such cases, probable cause for that parole violation charge is established based on the court's action. . . .
> >
> > 2. The parolee has been convicted of a criminal charge for which s/he also is charged with parole violation. This includes a conviction by trial or by guilty or nolo contendre [sic] (i.e., no contest) plea. In such cases, probable cause for that parole violation charge is established based on the conviction.
>
> * * *
>
> R. A parolee convicted of a felony while on parole who receives a new sentence to be served with the Department shall be found to have violated parole based on that new conviction and sentence. A parole violation hearing is not required.

- 6 -

MDOC Policy Directive No. 06.06.100, Parole Violation Process (July 1, 2018).

Accordingly, Moore's due process rights have not been violated under *Morrissey* by the MDOC's failure to extradite him to Michigan to conduct a parole revocation hearing because his parole violation is supported by his guilty plea conviction to his federal criminal offense. The petition for writ of habeas corpus is therefore denied.

## IV. Certificate of Appealability

Before Moore may appeal this decision, the Court must determine whether to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), Moore must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). The Court finds that reasonable jurists would not debate the resolution of any of Moore's claims. The Court will therefore deny a certificate of appealability.

Finally, Moore is not entitled to permission to appeal in forma pauperis because any appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus with respect to Moore's first and second claims, 2) **DENIES WITHOUT PREJUDICE** Moore's conditions of confinement claims, 3) **DENIES** a certificate of appealability, and 4) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

Dated: November 10, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2022, by electronic and/or ordinary mail and also on David Lee Moore #58378-039, Beckley Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 350, Beaver, WV 25813

s/Brianna Sauve
Deputy Clerk